**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT LEE COLEMAN,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**CASE NO. 2:06-cv-913**
**CRIM. NO. 2:05-cr-00043**
**JUDGE MARBLEY**
**MAGISTRATE JUDGE KEMP**

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. Petitioner also moved for leave to proceed *in forma pauperis* under 28 U.S.C. Section 1915(b). However, that motion is moot, because there is no filing fee for a §2255 action. This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

The underlying criminal convictions involve petitioner's guilty plea to conspiracy to distribute cocaine and cocaine base, possession with intent to distribute over 50 grams of crack cocaine, possession of a firearm with an obliterated serial number, and possession of a firearm by a convicted felon. On October 21, 2005, he was sentenced to an aggregate term of 210 months incarceration. Doc. No. 108. Petitioner never filed an appeal.

On October 30, 2006, petitioner filed the instant *pro* se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. As his sole claim for federal habeas corpus relief, petitioner asserts as follows:

3E1.1(b) was not given or recommended.

> Paragraph 10 of plea states: The United States will file a motion pursuant to U.S.S.G. 3E1.1(b), defendant has timely notified authorities of his intention to plead guilty and he is entitled to an overall three level reduction.

To obtain relief under §2255, a prisoner must establish that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. However, petitioner does not couch his claim in terms of the ineffective assistance of counsel. Further, petitioner's claim that he should have received a three level reduction in his recommended guideline sentence for his acceptance of responsibility fails to raise an issue warranting federal habeas corpus relief. "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976).

> To prevail on a §2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).
>
> To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); *accord Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996).

*McNeil v. United States*, 72 F.Supp.2d 801, 803 (N.D. Ohio 1999). Petitioner cannot meet this burden here.

> [N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver. Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process. *Reed*, 512 U.S. at ----, 114 S.Ct. at 2300.
>
> Accordingly, nonconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal. If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under §2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what really is being asserted is a violation of due process. Thus, as a practical matter, collateral relief does exist to vindicate rights of constitutional import that may lurk beneath otherwise garden-variety issues of statutory rights or guideline calculations.

*Grant v. United States, supra*, 72 F.3d at 506.

Additionally, and contrary to petitioner's allegations, the record indicates that he received a three level reduction in his recommended sentence under the United States Sentencing Guidelines pursuant to 18 U.S.C.A. §3E1.1(a), (b),[1] based on his acceptance of responsibility. *See PreSentence*

---

[1] 18 U.S.C.A. 3E1.1 provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities

*Investigation Report,* at ¶¶88, 89. Additionally, on October 14, 2005, the government filed a motion for downward departure from the sentencing guidelines pursuant to U.S.S.G. 5K1.1. *See* Doc. No. 102.

In view of the foregoing and pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Magistrate Judge **RECOMMENDS** that the instant motion to vacate, set aside, or correct sentence be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

---

of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

/s/ Terence P. Kemp
United States Magistrate Judge