## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERT LEE COLEMAN,**

      Petitioner,

      v.

**UNITED STATES OF AMERICA,**

      Respondent.

Civ. No. 2:15-cv-2875
Crim. No. 2:05-cr-0043(1)
**JUDGE ALGENON L. MARBLEY**
**Magistrate Judge King**

## ORDER

Petitioner, a federal prisoner, pled guilty to a number of drug and gun charges and, on October 21, 2005, was sentenced to a term of imprisonment of 210 months as a career offender under § 4B1.1 and § 4B1.2(a) of the United States Sentencing Guidelines ("the Guidelines"). On July 16, 2015, Petitioner, acting without the assistance of counsel, filed a second or successive motion to vacate that sentence, *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 190), and the United States Court of Appeals for the Sixth Circuit granted authorization to pursue a second or successive petition. *In re: Robert Lee Coleman*, No. 15-4086 (6th Cir. May 25, 2016). Counsel was thereafter appointed to represent Petitioner, and the *Amended Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 201) was filed by counsel on Petitioner's behalf on June 23, 2016.

Basing his claim on an extension of *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015)(holding that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague), Petitioner claims that he was improperly sentenced as a career offender. *See also United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016) (holding that the residual clause of the Guideline's career offender provision is also unconstitutionally vague). On October 3, 2016, this Court stayed the action pending the

Supreme Court's decision in *Beckles v. United States*, 579 U.S. —, 136 S.Ct. 2510 (2016) (granting the petition for a writ *of certiorari*), regarding the claim at issue in this action. *Order* (ECF No. 206).

On March 6, 2017, the United States Supreme Court held that the Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) is therefore not void for vagueness. *Beckles v. United States*, 580 U.S. —, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 580 U.S. at —, 2017 WL 855781, *6.

Based on the Supreme Court's *Beckles* decision, it now appears to this Court that "the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under these circumstances, Rule 4(b) requires that "the judge must dismiss the motion . . . . "

Consequently, this Court **DISMISSES** the *Amended Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 201).

**IT IS SO ORDERED**.

                                       **s/ Algenon L. Marbley**
                                      **ALGENON L. MARBLEY**
                                      **UNITED STATES DISTRICT JUDGE**

**Dated: March 14, 2017**