IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT LEE COLEMAN,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

Civ. No. 2:15-cv-2875
Crim. No. 2:05-cr-0043(1)
**JUDGE ALGENON L. MARBLEY**
Magistrate Judge King

## OPINION & ORDER

This matter is before the Court on Petitioner's *Motion to Alter or Amend Judgment* (Doc. 208), filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, requesting reconsideration of the dismissal of his *Amended Motion to Vacate under 28 U.S.C. § 2255*. Petitioner also asks that the Court withhold ruling on the motion pending resolution of the appeal in *United States v. Arthur Smith*, Case No. 16-6720, which is currently pending in the United States Court of Appeals for the Sixth Circuit. For the reasons that follow, Petitioner's *Motion to Alter or Amend Judgment* (Doc. 208) is **DENIED**.

Petitioner challenges, in this second or successive § 2255 motion to vacate, his 210-month sentence and characterization as a career offender under § 4B1.1 and § 4B1.2(a)[1] of the

---

[1] Prior to March 10, 2017, U.S.S.G. § 4B1.2 provided as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or,
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

On March 10, 2017, § 4B1.2(a)(2) was amended to delete the emphasized language, *i.e.*, the so-called "residual clause." Section 4B1.2(a)(2) now includes in the definition of "crime of violence":

United States Sentencing Guidelines. That characterization, and the consequent sentence, were based on Petitioner's prior robbery convictions. *See Presentence Investigation Report*, ¶¶ 108, 110. Petitioner based his challenge in this action on *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015) (holding that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague). *Amended Motion to Vacate under 28 U.S.C. § 2255* (Doc. 201, PageID# 492). On March 16, 2017, this Court dismissed the *Amended Motion to Vacate under 28 U.S.C. § 2255*, based on the United States Supreme Court's decision in *Beckles v. United States*, 580 U.S. —, 137 S. Ct. 886 (2017), which held that the United States Sentencing Guidelines, including 4B1.2(a), are not subject to vagueness challenges. *Order* (Doc. 207).

Petitioner now seeks reconsideration of that dismissal, arguing that, as applied to his case, and in view of *United States v. Gardner*, 823 F.3d 793, 803-04 (4th Cir. 2016) (holding that a conviction for North Carolina common law robbery categorically does not qualify as a "violent felony" under the ACCA), the residual clause of U.S.S.G. § 4B1.2(a)(2) is so vaguely worded that it cannot provide the basis for concluding that Petitioner's 1991 North Carolina robbery conviction constitutes a crime of violence under the Sentencing Guidelines. Petitioner further argues that the Supreme Court's decision in *Beckles* does not foreclose his request for relief in this action because he has demonstrated grounds for relief under *Johnson* on the premise that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague as applied in this case.

To the extent that Petitioner moves under Rule 59(e) of the Federal Rules of Civil Procedure, this Court has the authority to resolve his request for reconsideration. *See Howard v.*

---

... murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

2

*United States*, 533 F.3d 472 (6th Cir. 2008) (holding that the limitations on successive motions under Rule 60(b) of the Federal Rules of Civil Procedure do not apply to true motions under Rule 59). *See also Gonzalez v. Crosby*, 545 U.S. 524 (2005).[2] However, "[s]uch a motion is extraordinary and is seldom granted 'because it contradicts notions of finality and repose.'" *Thompson v. Kline*, No. 4:16-cv-1926, 2017 WL 1166128, at *2 (N.D. Ohio March 29, 2017)

---

[2] In *Gonzalez v. Crosby*, the United States Supreme Court considered motions for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b):

> Using Rule 60(b) to present new claims for relief ... – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

545 U.S at 531–32. However, in *Howard v. United States*, 533 F.3d at 474, the United States Court of Appeals for the Sixth Circuit held that this reasoning does not apply to motions under Rule 59(e):

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. . . . Under Fed. R.App. P. 4(a) (4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion . . . does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS*, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir.2007).

> Second, extending the holding of *Gonzalez* to Rule 59(e) motions would attribute to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments. The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir.1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir.1986)).

> If the holding of *Gonzalez* applied to Rule 59(e) motions, it would almost always be effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could be easily fixed by that court. Court of appeals' permission would be required, and could only be granted in the extremely limited circumstances provided by 28 U.S.C. § 2255(h).

(citing *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011)). Moreover, a motion for reconsideration is disfavored and unfounded unless it calls "attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). "A motion to alter or amend judgment under Rule 59(e) may be granted for a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *McBee v. United States*, Nos. 3:95-cr-82-RLJ-RPM-1, 3:16-cv-582-RLJ, 2017 WL 888336, at *3 (E.D. Tenn. Mar. 6, 2017) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "It is improper to use the motion 'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Petitioner's motion offers no basis for reconsideration of the dismissal of his § 2255 motion. Petitioner asks that the Court withhold ruling on this motion pending the outcome of the appeal in *United States v. Arthur Smith*, No. 16-6720. In *Smith*, the United States District Court for the Eastern District of Tennessee had held that "North Carolina common law robbery categorically qualifies as a crime of violence under the use-of-force clause" of the United States Sentencing Guidelines; the District Court did not apply the "residual clause" of § 4B1.2(a)(2). *United States v. Smith*, No. 3:13-CR-5-TAV-CCS-3, 2016 6875877 (E.D. Tenn. Nov. 21, 2016). The District Court found the reasoning of *Garner*, also referred to by Petitioner, to be flawed, and further noted:

> All federal courts of appeals which have considered robbery offenses that, like North Carolina robbery, require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-force

> clause. *See Duncan*, 833 F.3d 754–57 (Indiana robbery); *United States v. Jenkins*, 651 F. App'x 920, 927 (11th Cir. 2016) (Florida robbery); *United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir. 2016) (Minnesota robbery); *United States v. Lamb*, 638 F. App'x 575, 577 (8th Cir. 2016) (Michigan unarmed robbery); *United States v. Elliott*, 757 F.3d 492, 496 (6th Cir. 2014) (Kentucky first-degree robbery); *United States v. Wiggan*, 530 F. App'x 51, 57 (2d Cir. 2013) (Connecticut first-degree robbery); *United States v. Nigg*, 667 F.3d 929, 937 (7th Cir. 2012) (Arizona robbery); *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) (Colorado robbery); *United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006) (Louisiana simple robbery); *United States v. Thomas*, 280 F.3d 1149, 1159 (7th Cir. 2002) (Georgia robbery); *United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997) (Michigan attempted unarmed robbery); *United States v. Cornish*, 103 F.3d 302, 309 (3d Cir. 1997) (Pennsylvania third-degree robbery); *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990) (Illinois robbery).

*Id.* at *6. Moreover,

> Application Note 1 to § 4B1.2 provides that "robbery" is a crime of violence. U.S.S.G. § 4B1.2, cmt. n.1. The Sixth Circuit has consistently held that the offenses listed in Application Note 1 are categorically crimes of violence. *E.g., United States v. Cooper*, 739 F.3d 873, 878 (6th Cir. 2014). To determine whether a particular state offense qualifies as robbery as included in Application Note 1, the Court must consider whether that offense "fall[s] within the generic definition of the crime, which is found by surveying how the crime is described across jurisdiction, as well as consulting the Model Penal Code." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012). In analyzing whether North Carolina common law robbery falls within the generic definition of the crime, courts have held that it does and, thus, held that the robbery is categorically a crime of violence. *See United States v. Moore*, 223 F. App'x 422, 424 (5th Cir. 2007); *United States v. Woods*, 169 F. App'x 790, 791 (4th Cir. 2006).

*Id.* at *7.

Therefore, the weight of authority would suggest that Petitioner's 1991 North Carolina robbery conviction qualifies as a crime of violence without reference to the so-called "residual clause" of the Guideline. Under these circumstances, *Johnson* does not assist Petitioner.

> *Johnson* only invalidated the residual clause of the Armed Career Criminal Act; the Court made it quite clear that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," *i.e.*, the use-of-physical-force and enumerated-offense clauses of that Act. *Johnson*, 135 S. Ct. at 2563. Thus, the Guidelines' use-of-force definition in § 4B1.2(a)(1) and the enumerated offenses listed in § 4B1.2(a)(2) likewise remain viable.

*Ballinger v. United States*, Nos. 2:09-cr-105-JRG-MCLC-1, 2:13-cv-255-JRG, 2017 WL 397571, at *5 (E.D. Tenn. Jan. 27, 2017). Further, Petitioner does not refer to, and this Court is unable to locate, any cases that would serve to distinguish *Beckles* from the facts presented in this case.

Therefore, Petitioner's *Motion to Alter or Amend Judgment* (Doc. 208) is **DENIED**.

**IT IS SO ORDERED.**

Dated: **May 16, 2017**

ALGENON L. MARBLEY
United States District Judge